UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                          Case No. 3:19-cr-633

          Plaintiff,

    v.                                                                              MEMORANDUM OPINION
                                                                                             AND ORDER

Kyle Brackman,

          Defendant.

## I. INTRODUCTION

Defendant Kyle Brackman seeks to suppress evidence seized during a search of his residence. (Doc. No. 20). The government filed a brief in opposition to the motion, (Doc. No. 31), and Brackman has filed a brief in reply. (Doc. No. 33). For the reasons stated below, I deny Brackman's request for a hearing and his motion.

## II. BACKGROUND

On December 20, 2017, the principal of Nashua-Plainfield High School in Nashua, Iowa, reported to the Nashua Police Department that staff members at the school had discovered conversations of a sexual nature between a 15-year-old female student and Kyle Brackman, which took place between November 29 and December 18, 2017. (Doc. No. 1-1). Law enforcement officers with the State of Iowa obtained subscriber information and IP addresses associated with the email address used to communicate with the student and determined each of the IP addresses were

connected to a residence in Delta, Ohio. (*Id.* at 6). Iowa officials contacted the Fulton County, Ohio Sheriff's Office on May 6, 2018, regarding the results of their investigation.

Over a year later, on July 30, 2019, Federal Bureau of Investigation Special Agent Alex Hunt was contacted by "a concerned citizen" who reported Brackman was driving around Waterville, Ohio, making sexual gestures toward people. (*Id.*). A week later, Hunt met with Aaron Gladieux, a detective from the Fulton County Sheriff's Office, who stated sheriff's deputies had arrested Brackman on July 28, 2019, for making sexually suggestive remarks and gestures toward two girls, ages 10 and 13.[1] (*Id.* at 7). Gladieux also provided Hunt with the information he received from Iowa law enforcement officers stemming from Brackman's communications with the minor female student. (*Id.*).

Hunt then spoke with a special agent with the Iowa Department of Safety, who told Hunt the minor with whom Brackman had been communicating had sent Brackman a nude video of herself, after Brackman had repeatedly asked her for pictures of her breasts and genitals. (*Id.* at 2-5, 7). After confirming Brackman had listed the Delta address as his residence on his motor vehicle registration, Hunt sought and obtained a search warrant from then-Magistrate Judge James R. Knepp, II. The search of Brackman's residence led to the seizure of evidence, including at least four laptop computers.

On the same day, Brackman was charged by criminal complaint with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251; possession, receipt, and/or distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)/2252(A); and coercion and enticement, in

---

[1] Brackman takes issue with the wording of the affidavit, arguing "[s]urely, if there was some concrete information connecting Brackman to the incidents, the affidavit . . . would have included it." (Doc. No. 33 at 6). While the language in the affidavit could have been more precise, the context of the information plainly supports the reasonable inference that Brackman was arrested because he was suspected of making those remarks and gestures. Moreover, Brackman does not deny he was arrested on that date by Fulton County Sheriff's deputies or suggest he actually was arrested for a different reason.

violation of 18 U.S.C. § 2422(b). Brackman later was indicted by a grand jury on one count of coercion and enticement of a minor to engage in sexual activity, in violation of § 2422(b).

Brackman subsequently filed a motion to suppress. (Doc. No. 20). While that motion was pending, Brackman's attorney moved to withdraw. (Doc. No. 30). I granted the motion and new counsel was appointed, who renewed the motion to suppress. The government then filed its brief in opposition to Brackman's motion, (Doc. No. 31), and Brackman filed a brief in reply. (Doc. No. 33).

### III.  ANALYSIS

Brackman argues the search of his residence and electronic devices was not supported by probable cause because the evidence offered in the warrant affidavit was stale. (Doc. No. 20 at 6-12; Doc. No. 33 at 6-7). He also argues the affidavit is impermissibly overbroad. (Doc. No. 20 at 12-13). The government contends the facts establishing probable cause were not stale and the warrant was not overbroad. (Doc. No. 31 at 6-12).

While Brackman requested an evidentiary hearing, (*see* Doc. No. 20), I conclude such a hearing is not necessary. A defendant is entitled to an evidentiary hearing on a motion to suppress "only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019) (quoting *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)). A hearing is not required if there are no "issues of fact material to the resolution of the defendant's constitutional claim." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996). Brackman has not identified any contested issues of fact, instead arguing that the facts offered are not legally sufficient to establish probable cause. Therefore, his motion may (and will) be resolved without a hearing.

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted). Probable cause is the "reasonable grounds for belief" that evidence of a crime may be found in a certain place or location. *United Stated v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

The probable cause inquiry seeks to forecast whether evidence is likely to be found at a specific point in time. Thus, "an affidavit must allege 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009) (quoting *Sgro v. United States,* 287 U.S. 206, 210 (1932)). The timing question is dependent upon the circumstances of each case – "Outdated or 'stale' information, by itself, cannot establish probable cause . . . [b]ut just because information is old doesn't mean it's stale . . . ." *United States v. Williams*, 787 F. App'x 875, 877 (6th Cir. 2019) (citing *Sgro*, 287 U.S. at 210-11 and *United States v. Burney*, 778 F.3d 536, 540 (6th Cir. 2015)).

The Sixth Circuit has consistently offered "four practical, fact-dependent considerations:

> (1) the character of the crime (chance encounter in the night or regenerating conspiracy?), (2) the criminal (nomadic or entrenched?), (3) the thing to be seized (perishable and easily transferrable or of enduring utility to its holder?), and (4) the place to be searched (mere criminal forum or secure operational base?)."

*Burney*, 778 F.3d at 540-41 (quoting *United States v. Frechette,* 583 F.3d 374, 378 (6th Cir. 2009)).

These four factors "point toward freshness in a typical child pornography case: 'child pornography is not a fleeting crime' but rather 'carried out in the secrecy of the home and over a long period' (the first, second, and fourth factors); and 'images of child pornography can have an infinite life span' when traded digitally (the third factor)." *Williams*, 787 F. App'x at 878 (quoting *Frechette*, 583 F.3d at 378-79).

These general pronouncements are specifically true in this case as well. The warrant affidavit states Brackman obtained a video of a nude minor as the result of online conversations over a 20-day period in which he repeatedly asked her to send him nude pictures. According to IP logs, these conversations took place while Brackman was in his residence in Delta, Ohio. Further, the affidavit states "[t]he majority of individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials," (Doc. No. 31-1 at 6), and that it is possible "to recover even hidden, erased, compressed, password-protected, or encrypted files." (*Id.* at 4).

Taken together, these four factors support the conclusion that the information contained in the affidavit was not stale. *See, e.g., Frechette*, 583 F.3d at 378-79 (holding evidence was not stale despite the passage of 15 months before issuance of a search warrant); *Paull*, 551 F.3d at 522-23 (rejecting staleness challenge to search warrant relying on events which occurred 13 months prior); *United States v. White*, No. 3:21-CR-155-DJH, 2022 WL 711130, at *4-*5 (W.D. Ky. Mar. 9, 2022) (rejecting staleness challenge to search warrant issued 22 months after defendant accessed child pornography website).

Brackman argues there is a predicate question to answer – whether there are "preliminary facts demonstrat[ing] that a suspect is a 'collector' of child pornography." (Doc. No. 20 at 9). While that may be true in some circuit courts of appeal, (*see id.* at 10), Brackman has not shown the Sixth Circuit has ever required such a finding as part of the staleness inquiry.

5

Moreover, this case is different from those in which the defendant is charged with receipt and distribution of child pornography after downloading and sharing files through a bit-torrent server. While many of those cases involve circumstances in which the court considered the defendant to be a "collector" of child pornography in part based upon the defendant's subscription to a child pornography website, the government alleges Brackman convinced a minor, after weeks of communication, to record herself naked and send him the video. Given these facts, the magistrate judge had a substantial basis from which to conclude there was a fair probability that Brackman had retained files he received from the minor victim.

Brackman also argues the search warrant was invalid because it was overbroad. Relying on a 2017 opinion from the D.C. Circuit Court of Appeals and a 1998 case in the U.S. District Court for the District of Vermont, he takes issue with the language in the search warrant which called for the seizure of "'<u>any</u> computer or storage mediums'" and "'[a]<u>ny</u> electronic devices.'" (Doc. No. 20 at 13 (quoting the search warrant, available at Doc. No. 31-1 at 18) (emphasis added by Brackman)).[2] Brackman's argument is not persuasive, as there is no bright-line rule forbidding the use of "any and all" language and the search warrant described the items to be seized with sufficient particularity.

"A search warrant must particularly describe the things to be seized, but the description, whose specificity will vary with the circumstances of the case, will be 'valid if it is as specific as the circumstances and the nature of the activity under investigation permit.'" *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) (quoting *United States v. Henson,* 848 F.2d 1374, 1383 (6th Cir. 1988)). The Sixth Circuit has held "the prohibition of general searches is not a demand for precise ex ante knowledge of the location and content of evidence. The proper metric of sufficient specificity is whether it was reasonable to provide a more specific description of the items at that juncture of the investigation."

---

[2] Brackman does not suggest the subsequent search of the devices seized exceeded the scope of the warrant. (*See* Doc. No. 20 at 12-13).

6

*United States v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012) (internal quotation marks, ellipses, alteration, and citations omitted).

This case involved the use of computers or other electronic devices to request and obtain nude images of a minor. The record in this case offers no indication it was possible for investigators to prospectively determine which devices Brackman may have used – and perhaps just as importantly, which devices he did not use – while communicating with the minor victim.

Moreover, the warrant specifically and sufficiently identified the basis for Hunt's belief that those computers and devices may contain images of minors engaged in sexually explicit conduct and other related evidence. (*See* Doc. No. 31-1 at 19-21). As the *Evers* court put it, "the probable-cause showing in the warrant application and affidavit demonstrate[d] a 'sufficient chance of finding some needles in the computer haystack.'" *Evers*, 669 F.3d at 652 (quoting *United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999)). *See also Evers*, 669 F.3d at 652 (citing *United States v. Grimmett,* 439 F.3d 1263, 1268-70 (10th Cir. 2006), for the "holding that a warrant for the search of 'any and all' computer hardware and software for child pornography authorized both the seizure and subsequent search of the defendant's computer files").

Consequently, I conclude Brackman fails to demonstrate that the evidence seized pursuant to the warrant should be suppressed because the search warrant was overbroad. *See United States v. Richards*, 659 F.3d 527, 539 (6th Cir. 2011) ("Applying a reasonableness analysis on a case-by-case basis, the federal courts have rejected most particularity challenges to warrants authorizing the seizure and search of entire personal or business computers.") (citing cases).

Finally, the parties disagree as to whether the information from the Iowa investigation was "bolstered" or refreshed by the circumstances surrounding Brackman's July 28, 2019 arrest, and whether the *Leon* good-faith exception applies. (Doc. No. 31 at 5-7, 12-15; Doc. No. 33 at 4-6, 7-8).

7

Because I conclude the information in the search warrant affidavit was not stale and constituted probable cause for a search, I need not consider these arguments.

### IV. CONCLUSION

I conclude Brackman has not established the search warrant issued in this case was deficient. Therefore, and for the reasons set forth above, I deny his request for a hearing and his motion to suppress. (Doc. No. 20).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge